## MARTÍNEZ v. VÁZQUEZ, ASSIGNEE OF MORENO.

### APPEAL from the District Court of Aguadilla.

No. 333.—Decided February 10, 1909.

APPEAL—ERRORS IN THE PREPARATION OF THE TRANSCRIPT—DOCUMENTS NOT MA-
TERIAL TO THE APPEAL.—The Supreme Court cannot correct the errors com-
mitted by the parties in the preparation of the transcript of the record, and
must confine itself to a consideration of the documents relevant to the case,
absolutely disregarding all documents foreign thereto.
ID.—DOCUMENTS CONSIDERED BY THE JUDGE BELOW—DISMISSAL OF APPPEAL.—
The parties must present to the Supreme Court for the decision of an appeal
all of the documents which were considered by the judge below in rendering
the judgment appealed from; without this requisite the appeal must be dis-
missed.

The facts are stated in the opinion.

*Mr. Fernando Vázquez* for appellant.

The respondent did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

In a civil action prosecuted by Víctor Martínez against
María and Joaquina Moreno, involving the annulment of a
deed, Attorney Fernando Vázquez, on his own behalf, filed a
motion in the District Court of Aguadilla, praying for the
dissolution of the attachment levied at the petition of Mrs.
Moreno on a rural estate containing 22.67 *cuerdas,* for the re-
covery of the costs taxed against Martínez, and that a writ of
execution issue to the marshal of said court and to the marshal
of the District Court of Mayagüez, for the attachment of prop-
erty belonging to Martínez to cover the amount of such costs,
amounting to $386.80, and in addition the costs incurred or
which may be incurred in the compulsory proceedings.

The petitioner alleged among other things that he is the
assignee of all the rights and actions which María Moreno had
in the said action, according to a deed executed in his favor
in this city of San Juan, before Notary José C. Torres, on May
1, 1908, attached to the petition and made a part thereof; that
what is involved is the execution of the final judgment ren-

dered in the said proceedings in which the costs were taxed against Martínez, the said costs amounting, in relation to Mrs. Moreno, to $386.80; that for the recovery of these costs compulsory proceedings had been instituted in accordance with the former Law of Civil Procedure, and an estate belonging to the debtor Martínez, consisting of 22.67 *cuerdas,* had been attached on May 20, 1904; that as the assignee of the creditrix, Moreno, he agreed that the attachment should be dissolved and levied on other property belonging to Martínez; and that he presented as evidence in support of the motion the record of the proceedings in which he appeared with the documents which formed part thereof, a copy of the deed of assignment of May 1, 1908, and an affidavit sworn to by the petitioner.

The record contains a copy of the public deed executed on May 1, 1908, in this city of San Juan, before Notary José G. Torres, by which María Moreno, accompanied by her husband, Sergio Ramírez, assigned and conveyed to Attorney Fernando Vázquez, a number of credits, including one against Víctor Martínez for costs incurred in the proceedings which the latter prosecuted against Mrs. Moreno for the dissolution of an attachment, amounting to $643.50, and another for $386.60, for costs taxed against Martínez in an action which he brought against María and Joaquina Moreno.

We also find in the record an unsigned affidavit of Attorney Vázquez, also without the signature of the notary who should have attested the jurat concerning the facts on which the motion is based.

The Judge of the District Court of Aguadilla rendered a decision on the motion on August 27 last, overruling it on the ground that an assignment of a credit for a valuable consideration being involved, the proper legal remedy for enforcing the right which the petitioner may believe himself entitled to, could only be exercised in proceedings separate and distinct from those in which the credit assigned had originated, making use therefor of the proper personal action; and from this decision Vázquez took an appeal, which is now awaiting the

decision of this Supreme Court, after a hearing having been had with the attendance of the parties, on January 21 last.

In addition to the motion, the deed of May 1, 1908, the affidavit in deficient form, the decision of the court and the notice of the appeal, the transcript of the record contains copies of the following documents:

1. The judgment rendered by the District Court of Mayagüez on November 26, 1901, in a civil action prosecuted by Víctor Martínez against María Moreno for the dissolution of an attachment.

2. The taxation of the costs in said proceedings in the lower court as well as in the Supreme Court, amounting to $643.50, which taxations were made respectively on May 17, 1902, and March 21, 1904.

3. A judicial order of January 16, 1904, dissolving the attachment and ordering another attachment on property belonging to Victor Martínez to cover the sum of $603.50, the amount of the costs in both instances, and $400 more for the payment of the costs arising in the compulsory proceedings.

4. The writ of attachment of May 20, 1904, of a rural estate belonging to Victor Martínez, in compliance with the provisions of the preceding order.

In deciding this appeal, we must alike disregard the affidavit of record, because it is legally invalid in view of the fact that it is not signed, and the four last mentioned documents, as they refer to proceedings for the dissolution of an attachment, distinct from the proceedings to set aside a deed, on which this motion is based.

It may be that the attorney confused this appeal with another appeal which we also have under consideration, taken by him from another decision rendered in identical terms by the District Court of Aguadilla in proceedings prosecuted by Victor Martínez against María Moreno, for the dissolution of an attachment, such confusion giving rise to the introduction in this appeal of documents pertaining to the other; but the Supreme Court cannot correct such an error and must confine

itself to a consideration of the documents relevant to the case, aboslutely disregarding all documents foreign thereto.

Under these circumstances, the record becomes limited to the motion filed, the deed of May 1, which formed part thereof and the decision appealed from.

The documents are insufficient to consider and decide the appeal on its merits, as for this purpose the appellant should, in addition, have presented to this Supreme Court in trustworthy form, copies of the documents which the judge considered in deciding the motion, among which documents are of the highest importance the affidavit presented by the petitioner and the final judgment rendered in the proceedings prosecuted by Victor Martínez against María Moreno and Joaquín Moreno, to set aside a deed. The copy of the affidavit of record is legally invalid because it is not signed by the petitioner and by the official who should have attested the jurat.

The appellant has failed to comply with the provisions of section 300 of the Code of Civil Procedure, and in conformity with the provisions of section 303 of the said Code, the appeal should be dismissed on the ground that the necessary documents have not been presented.

*Dismissed.*

Justices Figueres, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not sit at the hearing of this case.